**Restituto N. ESTACIO, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 01–3279.

United States Court of Appeals,
Federal Circuit.

DECIDED: April 11, 2002.

Before CLEVENGER, Circuit Judge,
FRIEDMAN, Senior Circuit Judge, and
BRYSON, Circuit Judge.

DECISION

PER CURIAM.

Dr. Restituto N. Estacio appeals from a decision of the Merit Systems Protection Board, Docket No. PH–0752–00–0209–I–1, 90 M.S.P.R. 25, dismissing the appeal from his removal from his position with the United States Postal Service. We *affirm.*

BACKGROUND

Dr. Estacio was employed as a Field Division Medical Officer at a Postal Service facility in Philadelphia, Pennsylvania. In April 1997, he was diagnosed as suffering from short-term memory and concentration problems. After additional psychological testing, the examining psychologist concluded that Dr. Estacio was "not capable of performing the duties of a physician from the standpoint of memory, concentration, attention span, judgment, and/or intellectual functioning." The Postal Service therefore removed Dr. Estacio from his position as a medical officer effective August 25, 1997. His removal letter informed him of his right to appeal the removal to the Merit Systems Protection Board and of the 30–day time limit for such an appeal.

In September 1997, Dr. Estacio apparently suffered a mild stroke. Although the stroke rendered Dr. Estacio temporarily incompetent, his physician stated that he had regained competence by early December 1997. At some point Dr. Estacio retained an attorney, who filed an appeal of Dr. Estacio's removal on December 4, 1997.

The Postal Service moved to dismiss Dr. Estacio's appeal as untimely, and the administrative judge ordered Dr. Estacio to show good cause for the untimeliness of the appeal. In response to the administrative judge's order, Dr. Estacio's attorney argued that the appeal had been filed late

due to "inadvertence." The attorney explained that he had previously represented Dr. Estacio in connection with another matter and that he thought that Dr. Estacio had retained a second attorney with regard to the Merit Systems Protection Board appeal. According to the attorney, the confusion regarding representation was not resolved until after the deadline to file the appeal had passed.

The administrative judge dismissed Dr. Estacio's appeal as untimely, finding that Dr. Estacio was given notice of his appeal rights and was responsible for ensuring that his appeal was timely filed. The administrative judge ruled that Dr. Estacio was bound by the conduct of his chosen representative and had not demonstrated that he had "exercised diligence or ordinary prudence." The full Board denied review of the initial decision on November 13, 1998.

In March 2000, Dr. Estacio filed a second appeal from his 1997 removal. The administrative judge noted that Dr. Estacio's first appeal had been dismissed as untimely and that his second appeal might be barred by the doctrine of collateral estoppel. The administrative judge ordered Dr. Estacio to file evidence and argument to show that the case was not barred by collateral estoppel and was therefore within the Board's jurisdiction.

In response, Dr. Estacio argued that collateral estoppel was not appropriate because he had not been fully represented in his first appeal. The administrative judge, however, determined that during Dr. Estacio's first appeal, he and his attorney had been provided an opportunity to submit evidence and argument on the issue of timeliness and thus had a full and fair opportunity to litigate the question whether there was good cause for waiving the time limit for filing his appeal. As a result, the administrative judge found that

Dr. Estacio had been fully represented in the first appeal and that collateral estoppel barred his second appeal.

Dr. Estacio petitioned for review of the initial decision. The full Board denied review, and this appeal followed.

## DISCUSSION

The doctrine of collateral estoppel bars a party from relitigating an issue when (1) the issue now presented is identical to that previously adjudicated; (2) the issue was actually litigated in the prior case; (3) the previous determination of the issue was necessary to the resulting judgment; and (4) the party precluded by the doctrine was fully represented in the prior case. *Kroeger v. United States Postal Serv.*, 865 F.2d 235, 239 (Fed.Cir.1988); *Thomas v. Gen. Servs. Admin.*, 794 F.2d 661, 664 (Fed.Cir.1986). Dr. Estacio concedes that the first three factors are met in this case, but argues that the Board erred in concluding that he was "fully represented" in his previous appeal.

A party is considered to have been "fully represented" in a prior action if he had a "full and fair chance to litigate" the issue in question. *Mother's Rest., Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569 n. 4 (Fed.Cir.1983) (citations omitted). Dr. Estacio claims he was temporarily incompetent after his stroke and that his incompetence was responsible for the late filing of his appeal. His attorney in the 1997 appeal, however, never argued that Dr. Estacio's incompetence was responsible for the untimeliness of his appeal, but argued instead that the appeal was late because of confusion as to which attorney was representing him in the Merit Systems Protection Board appeal. In that proceeding, Dr. Estacio had a full and fair opportunity to litigate the question whether he had good cause for the untimely filing of his

appeal. Because that issue was settled in the previous appeal, and because Dr. Estacio has not demonstrated that he was denied the opportunity to show good cause for his untimeliness in that proceeding, the Board did not err in ruling that he was "fully represented" in the prior proceeding and that his present effort to relitigate the issue of untimeliness is barred by collateral estoppel.