**Lori S. FERNANDEZ, Petitioner,**

v.

**DEPARTMENT OF THE
ARMY, Respondent.**

No. 03–3188.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 7, 2003.

Before CLEVENGER, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Lori S. Fernandez appeals from the decision of the Merit Systems Protection Board ("the Board"), *Fernandez v. Dep't. of Army,* No. AT0752960730–C–2 (M.S.P.B. Mar. 7, 2002), dismissing her petition for enforcement. For the reasons stated herein, we *affirm.*

I

On July 14, 1996, the Department of the Army ("agency") removed Ms. Fernandez from her position as a General Supply Specialist, GS–9, for misconduct. She appealed her removal to the Board, which mitigated her removal to a demotion, and ordered the agency to:

cancel the removal and substitute in its place a reduction in grade to the next lower nonsupervisory general supply specialist position, but no lower than GS–5, which does not involve contracting and procurement responsibilities or

duties involving the administration of the agency travel program.

*Fernandez v. Dep't of the Army,* No. AT0752960730–I–1, slip op. at 12 (M.S.P.B. July 16, 1997), *cited in Fernandez v. Dep't. of Army,* No. AT0752960730–C–2, slip op. at 2 (M.S.P.B. Mar. 7, 2002). In response to the Board's order, the agency reinstated Ms. Fernandez to a GS–5 position and, on August 11, 1998, sent her a formal notice of compliance with the Board's order.

The law contemplates that a party may question whether an agency has fully complied with a final order of the Board, and thus provides for a petition for enforcement of a final Board order. The law further provides, in 5 C.F.R. § 1201.182(a), that such a petition must be "filed promptly." Any petition filed more than 30 days after the date of service of an agency's notice of compliance must include a statement and evidence showing good cause for the delay in filing and request an extension of time for filing the petition for enforcement. *Id.* Thus, the law sets 30 days as the limit for timely prompt filing of a petition for enforcement. Absent a sufficient showing of good cause for an extension of time, a petition filed more than 30 days after service of the agency's notice of compliance is subject to dismissal as untimely.

The Board's reinstatement order of July 16, 1997, informed Ms. Fernandez of her right to file a petition for enforcement should she be dissatisfied with the agency's compliance efforts, and informed Ms. Fernandez that she had 30 days from the date of the agency's compliance notice in which to file such a petition. Ms. Fernandez apparently was dissatisfied with the agency's compliance with the July 16, 1997, reinstatement order of the Board, because she filed a petition for enforcement. She did not do so, however, until January 11, 1999, approximately four months after the 30–day filing deadline. Ms. Fernandez asserted illness as the reason for her untimely filing, and claimed that the agency's notice of compliance, which she admitted having received and which clearly stated the deadline for the filing of a petition for enforcement, was legally deficient. The Board rejected both of Ms. Fernandez's excuses for her untimely filing and consequently dismissed her petition for enforcement. The Board's decision became final when Ms. Fernandez forwent any further judicial review of the dismissal for untimeliness.

After the reinstatement, in order to accommodate Ms. Fernandez's application for a disability retirement, the agency issued a Standard Form (SF)–50 notifying her that her demotion was to a higher position, namely a GS–7 Supply Technician post.

Within 30 days of receipt of the SF–50, Ms. Fernandez returned to the Board, filing another petition for enforcement, in which she argued that she was entitled to occupy a GS–9 position.

This second petition for enforcement was fully considered by the Administrative Judge ("AJ") assigned to the case. As the second petition for enforcement of the 1997 Board order was clearly untimely, the AJ considered the second petition to be a "second bite at the apple" on the question of whether her petitions had been timely filed. *Fernandez v. Dep't. of Army,* No. AT0752960730–C–2, slip op. at 4 (M.S.P.B. Mar. 7, 2002). The AJ concluded that "the timeliness issue was absolutely necessary" to decision on the previous petition for enforcement. *Id.* at 5. In addition, the AJ concluded that the timeliness issue in the second appeal was the same issue as in the first appeal, that the issue was previously adjudicated and that Ms. Fernandez had a full and fair opportunity on the first appeal to adjudicate the timeliness issue. *Id.*

Since the AJ found the four necessary elements to support collateral estoppel of a second attempt to litigate the timeliness issue, the AJ held that collateral estoppel barred Ms. Fernandez's second attempt to enforce the Board's 1997 reinstatement order. *See Banner v. United States,* 238 F.3d 1348, 1354 (Fed.Cir.2001) (listing the four elements of collateral estoppel).

Ms. Fernandez sought to avoid the consequences of collateral estoppel by arguing to the AJ that the SF–50 constituted a new notice of compliance that gave her another opportunity to review the merits of the agency's compliance with the 1997 Board order. The AJ rejected this argument on the ground that Ms. Fernandez could file a petition for enforcement only to litigate rights pertaining to enforcement of the 1997 Board order. *Fernandez v. Dep't. of Army,* No. AT0752960730–C–2, slip op. at 2 (M.S.P.B. Mar. 7, 2002). Since Ms. Fernandez had previously filed a petition to enforce that order, and was met with a dismissal for untimeliness, the AJ ruled that Ms. Fernandez could not re-litigate the question of whether her second challenge to compliance with the 1997 order was timely. *Id.* at 5.

Ms. Fernandez sought review by the full Board of the order dismissing her second enforcement petition. When the Board declined review, the decision of the AJ became the final decision of the Board, and Ms. Fernandez timely sought review in this court. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(9).

## II

We must affirm the final decision of the Board, unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c)(1) (2000). When the Board's final decision rests on findings of fact, those findings must be supported by substantial evidence. 5 U.S.C. § 7703(c)(3) (2000).

■ To the extent that Ms. Fernandez is contesting compliance with the original order, it is undisputed that she raises the same issues in the current appeal as were raised in her original enforcement petition. In this respect, Ms. Fernandez repeats her arguments before this court that the timeliness of her second petition should be measured from the date of the SF–50 (which was apparently issued to assist with a disability retirement application, not as a response to the Board's 1997 reinstatement order), and not from the date of the agency's formal notice of compliance. We agree with the Board that timeliness of the second enforcement petition must be measured from the agency's announcement of its compliance with the Board's order, not with a later agency action that was not compelled by the Board's order.

■ The question of the timeliness of Ms. Fernandez's second petition for enforcement must precede review of the merits of her petition. However, even if we were to look past the timeliness problem, Ms. Fernandez does not contest that she was placed in an appropriate GS–5 position, as the 1997 Board order required. Thus, she does not contest the agency's actual compliance with the 1997 order, but instead argues that later events occurring in the agency entitle her to a GS–9 position for purposes of her disability retirement. As for the second petition, other than the argument that its timeliness is measured from the date of the SF–50, Ms. Fernandez does not show cause for the untimely filing.

In both petitions for enforcement, the question is whether the tardy filing can be excused. The question is the same. Whether the first petition was timely filed was fully litigated in the initial appeal to

413

the Board, and Ms. Fernandez was afforded a full and fair opportunity to show that her petition was timely within the relevant rule. Resolution of the question was necessary for decision of the first appeal. With each of the prerequisites for application of collateral estoppel, or issue preclusion, present, we hold that the Board correctly dismissed Ms. Fernandez's second petition for enforcement. We thus find no error in the Board's final decision that we therefore affirm.