NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3155

HENRY E. GOSSAGE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  January 25, 2006

_____

Before NEWMAN, MAYER, and SCHALL, Circuit Judges.

NEWMAN, Circuit Judge.

Henry E. Gossage seeks review of the decision of the Merit Systems Protection Board, Docket No. SE0731010261-I-2, dismissing on grounds of mootness and collateral estoppel, his appeal of a May 2001 decision by the Office of Personnel Management (i) disqualifying him from an industrial hygienist position with the Occupational Safety and Health Administration, (ii) cancelling any eligibility he may have obtained for this or any

other competitive position, and (iii) debarring him from applying for any position in the competitive Federal service for two years. OPM requests remand. We agree that remand of this appeal is appropriate. The dismissal is <u>vacated</u>, and the case is <u>remanded</u> to the MPSB for further proceedings consistent with this opinion.

## DISCUSSION

On April 22, 2002, the Administrative Judge granted OPM's motion to dismiss the appeal that Mr. Gossage had filed from OPM's debarment. In that motion OPM stated that it was withdrawing its debarment of Mr. Gossage and reinstating his eligibility for competitive registers, but was sustaining OSHA's request to disqualify him for the industrial hygienist position for which he had applied. The AJ held that OPM's withdrawal of the debarment and cancellation of eligibility mooted the appeal of those actions, and that no appeal was available from the action to disqualify him from the particular position for which he had applied, either because it was a non-selection decision (which is not appealable) or because, even if OPM's action were viewed as a "constructive suitability determination" based on Mr. Gossage's prior felony conviction and incarceration, consideration of whether this action should be sustained was precluded by collateral estoppel.

The AJ's collateral estoppel ruling was grounded in the fact that an earlier unsuitability decision, based on the same conviction and incarceration, had been sustained in a prior appeal to the Board with respect to a different application for employment as an industrial hygienist. Since the existence of the conviction and incarceration were not disputed, the AJ reasoned that no issue remained for adjudication, interpreting 5 C.F.R. §731.501(a) as limiting the Board to a determination of whether factual support existed for the charges, and precluding the Board from reviewing whether the charges actually

warranted OPM's unsuitability determination. The AJ therefore dismissed the appeal. The full Board split (one to one) on the disposition of Mr. Gossage's appeal, although the Members of the Board agreed as to certain subsidiary findings. Thus the AJ's decision became the final decision of the Board.

## I

On this appeal, OPM argues that the administrative judge erred in refusing to review whether the disqualification of Mr. Gossage for the industrial hygienist position was a constructive suitability determination. OPM states that the issue of suitability, not merely the existence of the conviction and incarceration, was properly before the AJ, and that the AJ misinterpreted 5 C.F.R. §731.501 in the same manner as did the AJ in Folio v. Office of Personnel Management, 402 F.3d 1350, 1356 (Fed. Cir. 2005), wherein the Federal Circuit held that §731.501 "provides the Board with jurisdiction to review all aspects of an unsuitability determination, including whether the charged conduct renders an individual unsuitable for the position in question." OPM thus requests remand to the MSPB for determination of "whether OPM's May 2001 decision was an appealable constructive negative suitability determination and, if so, whether OPM's decision is supported by substantial evidence, applying all relevant considerations pursuant to 5 C.F.R. §731.202." OPM also states that on remand the Board "should address and decide Mr. Gossage's discrimination claims."

Mr. Gossage protests that this request for a remand is tardy, having been raised for the first time in OPM's responsive brief on this appeal. He asks this court to review, and decide, the question of whether his 1992 felony conviction and incarceration outweigh his veterans status and professional qualifications for the position for which he applied. He

states that when OPM rescinded its unsuitability determination, that ended its opportunity and right to challenge the grounds of the pass-over.

OPM's January 14, 2002 Motion to Dismiss included the following statement:

OPM's unilateral determination to withdraw its negative suitability rating and reinstate Appellant's eligibility for competitive registers completely rescinds the action appealed and there is no further relief that may be granted.

Mr. Gossage states that OPM is now estopped from arguing that he is not suitable for the industrial hygienist position, in view of its withdrawal of its negative suitability rating and concession that such withdrawal "completely rescinds the action appealed." See Davis v. Wakelee, 156 U.S. 680, 689 (1895) (the doctrine of judicial estoppel provides that a party that successfully urged a particular position in a legal proceeding is estopped from taking a contrary position in a later proceeding where its interests have changed).

However, OPM's notice of withdrawal further stated that notwithstanding its withdrawal of the debarment and cancellation of eligibility:

OPM's decision sustaining the Occupational Safety & Health Administration's (OSHA) objection to certifying Appellant as eligible for the Industrial Hygenist position and granting OSHA's request for permission to pass over him in filling that position remains intact.

Although in moving for dismissal OPM stated that its unilateral determination to withdraw its negative suitability rating and to reinstate Mr. Gossage's eligibility for competitive registers completely rescinded "the action appealed," OPM had contended that Mr. Gossage had only appealed "OPM's determination of unsuitability and cancellation of his eligibility on competitive registers." OPM did not concede that the decision to disqualify him was an appealable constructive negative suitability determination rather than a non-appealable non-selection decision. Neither of the two members of the Board took that position, and the

record is to the contrary, for OSHA and OPM repeatedly stated their concerns about the extent to which Mr. Gossage's criminal record, incarceration, and false statements in connection with his prior applications, would limit his effectiveness in the industrial hygienist position, since OSHA's compliance safety and health officers are routinely called on to testify in court. We conclude that OPM's rescission of its cancellation of Mr. Gossage's debarment from competition for any position in the competitive service did not remove its objection to his appointment to the industrial hygienist position with OSHA.

## II

Mr. Gossage also argues that it is highly inappropriate for OPM now to bring forth, in its brief to this court, the question of whether he did or did not complete the restitution payments to the victim of his crime as required by his felony conviction, stating that this was not in the MSPB record. However, OPM specifically referred to this alleged failure to make restitution in its May 16, 2001 decision here appealed. Although OPM withdrew its cancellation of debarment from competition, as discussed supra, it maintained its decision to rate Mr. Gossage ineligible for the industrial hygienist position, a decision that OPM justified in part by Mr. Gossage's failure to make restitution.

## III

Thus we agree with OPM that remand is now appropriate, for determination of whether OPM's May 2001 decision was an appealable constructive negative suitability determination and, if so, whether OPM's decision is supported by substantial evidence. The Board erred in holding that collateral estoppel resolved this issue, for collateral estoppel requires, *inter alia*, that the issue is identical to that presented in the prior action. See Thomas v. Gen. Servs. Admin., 794 F.2d 661, 664 (Fed. Cir. 1986). Although the

criminal conviction remains on the record, there are additional considerations in a suitability determination, including subsequent good behavior. <u>See</u> 5 C.F.R. §731.202(c) (among the considerations in a suitability determination are the "recency of the conduct" and the "absence or presence of rehabilitation").

**IV**

We also agree that remand is required for consideration of Mr. Gossage's discrimination claims. Mr. Gossage has outstanding discrimination claims, and OPM's recission of its cancellation of eligibility and general debarment from competition do not resolve this issue.