NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HENRY E. GOSSAGE,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3217

---

Petition for review of the Merit Systems Protection Board in No. SF3330110227-I-1.

---

Decided: May 13, 2013

---

HENRY E. GOSSAGE, of Lacey, Washington, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was KEISHA DAWN BELL, Acting General Counsel.

---

Before LOURIE and PLAGER, *Circuit Judges*, and BENSON\*,
*District Judge.*

PER CURIAM

Henry E. Gossage *pro se* petitions for review of the final decision of the Merit Systems Protection Board ("MSPB") dismissing his appeal under the Veteran's Employment and Opportunities Act (VEOA) as untimely. *Gossage v. Dep't of Labor*, No. SF-3330-11-0227-I-1 (M.S.P.B. Aug. 10, 2012). Because the MSPB correctly dismissed Mr. Gossage's appeal, we *affirm*.

## BACKGROUND

In September 2000, Mr. Gossage applied for an industrial hygienist position with the Occupational Safety & Health Administration (OSHA). Mr. Gossage had preferred status as a veteran, but he also had a prior felony conviction. OSHA indicated to the Office of Personnel Management (OPM) that it would like to remove Mr. Gossage from consideration due to his felony conviction. OPM notified Mr. Gossage of the development and provided him an opportunity to respond. It then issued a suitability decision that rated Mr. Gossage ineligible for the hygienist position, canceled his eligibilities, and debarred him. In June 2001, Mr. Gossage appealed OPM's suitability decision to the MSPB.

Separate from his suitability appeal with the MSPB, Mr. Gossage filed a claim under the VEOA and Uniformed Services Employment and Reemployment Rights Act (USERRA) with the Department of Labor's Veterans' Employment and Training Service. On July 18, 2001, The Department of Labor informed Mr. Gossage that his

---

\*    Honorable Dee V. Benson, United States District Court for the District of Utah, sitting by designation.

VEOA claim did not have merit and that it was closing his case.

Mr. Gossage turned his attention back to his suitability appeal, which spawned various legal proceedings over a period of years. Of particular import to this case, the MSPB referenced 5 U.S.C.A. § 3330a(e)(2) in one of its decisions and told Mr. Gossage that he may file his VEOA appeal after the decision in the suitability appeal became final. *Gossage v. Office of Pers. Mgmt.*, SE-0731-01-0261-I-5, 5 n.1 (M.S.P.B. July 8, 2008); RA 83 n.1. The MSPB then issued a final order in the suitability litigation on March 24, 2009. In the final order, the MSPB reminded Mr. Gossage that "[t]he appellant may now file appeals under the [VEOA] and [USERRA] (codified at 38. U.S.C. §§ 4301–4333), which he delayed pending resolution of this appeal." *Gossage v. Office of Pers. Mgmt.*, SE-0731-01-0261-I-5, 2 (M.S.P.B. Mar. 24, 2009); RA 95.

Mr. Gossage filed his VEOA appeal with the MSPB on December 29, 2010—over one year after the MSPB's final order and eight years after the Department of Labor rejected his VEOA claim. An administrative judge from MSPB issued an initial decision dismissing the appeal as untimely for exceeding the 15-day deadline for filing an appeal after receipt of written notification from the Department of Labor. The administrative judge also concluded that equitable tolling did not apply. Mr. Gossage filed a petition for review, and the MSPB issued a final order confirming the administrative judge's decision to dismiss his appeal as untimely. This petition for review followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review is limited. We only set aside Board decisions that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law,

rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Mr. Gossage bears the burden of proof regarding the timeliness of his appeal. 5 C.F.R. § 1201.56(a)(2).

On appeal, Mr. Gossage requests that we apply equitable tolling to his case as set forth in *Kirkendall v. Dep't of Army*, 479 F.3d 830 (Fed. Cir. 2007). To support his equitable tolling request, Mr. Gossage points to "OPM's lengthy litigation" (Pet'r's. Br. 1), arguing that the suitability litigation delayed or tolled his VEOA appeal. In response, the Government contends that any delays that occurred in the suitability case do not explain why Mr. Gossage waited over a year after his suitability case was resolved to file his VEOA appeal.

The Government is correct. Equitable tolling generally applies when the complainant has "actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Department of Labor rejected Mr. Gossage's claim in July of 2001, thus starting the clock on the 15-day deadline. 5 U.S.C. § 3330a(d)(1)(B). Even assuming that Mr. Gossage is entitled to tolling for his 8-year delay up until March 24, 2009,[1] the MSPB explicitly reminded him on that date

---

[1] We need not rule on the 8-year delay since it does not change our conclusion. However, we note that 5 U.S.C.A. § 3330a(e)(2)—which was the section the MSPB referenced when it told Mr. Gossage that he could file his VEOA appeal after his suitability appeal became final—does not discuss tolling; it provides a prohibition— "A preference eligible may not pursue redress for an alleged violation described in subsection (a) under this section at the same time the preference eligible pursues

that he should file his VEOA appeal.  Even after his case became final, Mr. Gossage failed to act for over a year.  He has not established that OPM tricked or induced him to do so either through the suitability litigation or otherwise.

Mr. Gossage also argues that the Government withheld certain documents from him and the court.  In particular, Mr. Gossage points to a Request for Suitability Determination that he obtained through a Freedom of Information Act request.  Because of this alleged new evidence, Mr. Gossage contends that the Government pursued unwarranted litigation knowing that he had been reinstated and his debarment rescinded in 2004.  In response, the Government contends that Mr. Gossage failed to demonstrate why any of the alleged new evidence is material and warrants equitable tolling.

Mr. Gossage had the burden before the Board to prove the materiality and unavailability of any new evidence that he sought to introduce.  *See Brenneman v. Office of Pers. Mgmt.*, 439 F.3d 1325 (Fed. Cir. 2006) (stating that "a party submitting new evidence in connection with a petition for review must satisfy the burden of showing that the evidence is material and that it could not have been obtained earlier with the exercise of due diligence").  We are unable to locate in Mr. Gossage's proceedings before the Board where he addressed the Request for Suitability Determination and met his required burden.  We also do not consider new evidence for the first time on appeal.  Therefore, Mr. Gossage has waived this issue.

We have considered each of Mr. Gossage's remaining arguments, and we conclude that the facts of this case do

redress for such violation under any other law, rule, or regulation."

not warrant equitable tolling or any other requested relief.

## AFFIRMED[2]

### COSTS

No Costs.

---

[2] In view of the disposition of this case, Mr. Gossage's motions dated March 14, 2013 and April 14, 2013 are hereby denied.