NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HENRY GOSSAGE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-1458

---

Petition for review of the Merit Systems Protection Board in No. SF-3330-20-0625-I-1.

---

Decided: June 11, 2021

---

HENRY GOSSAGE, Olympia, WA, pro se.

STEPHEN FUNG, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, LOURIE and DYK, *Circuit Judges*.

PER CURIAM.

Henry E. Gossage appeals from the decision of the Merit Systems Protection Board ("Board") denying his request for corrective action. The Board found that Gossage is barred by collateral estoppel from relitigating the untimeliness of the administrative complaint that he filed with the United States Department of Labor ("DOL"). *See Gossage v. OPM*, No. SF-3330-20-0625-I-1, 2020 WL 6877635 (M.S.P.B. Nov. 19, 2020); SAppx. 1–15. For the reasons below, we *affirm*.

## BACKGROUND

This appeal is the latest in a long and convoluted history of Gossage's myriad attempts to relitigate issues relating to a denial of a job application that occurred more than twenty years ago. Each attempt has been premised on the same set of facts. And with each attempt, Gossage has proceeded up the appellate ladder, beginning in DOL, then to the Board, then to this court, and then, on one occasion, to the Supreme Court.[1]

As early as 2011, the Board decided that one of Gossage's administrative complaints was untimely and that he was not entitled to equitable tolling of the deadline. In 2013, the Board decided that another one of Gossage's complaints was untimely. The Board then applied collateral estoppel to bar him from relitigating the untimeliness issue with respect to two additional complaints and also

---

[1]    Gossage has also filed a number of actions in federal district court regarding the same events. *See, e.g., Gossage v. Merit Sys. Prot. Bd.*, No. 16-cv-5051, 2016 U.S. Dist. LEXIS 38002 (W.D. Wa. Mar. 23, 2016); *Gossage v. Terril*, No. 12-cv-0631, 2012 U.S. Dist. LEXIS 192686 (W.D. Wa. Nov. 8, 2012); *Gossage v.* OPM, No. 06-cv-5299, 2006 U.S. Dist. LEXIS 47826 (W.D. Wa. July 5, 2006).

found that those complaints were untimely even if collateral estoppel did not apply.

In the case underlying the current appeal, Gossage filed yet another administrative complaint with DOL. The Board again applied collateral estoppel to bar Gossage from relitigating the untimeliness issue with respect to this latest complaint. *See* SAppx. 1–15. In doing so, the Board determined that, at this point, the untimeliness of Gossage's complaints has been adjudicated to finality. To emphasize that reality, we begin by piecing together the timeline and procedural history of Gossage's numerous proceedings.

## I. First Appeal to the Board

Gossage served in the army from 1971 through 1974 and has a service-connected disability rated at thirty percent or more. *See* Initial Decision, *Gossage v. Dep't of Labor*, No. SF-4324-11-0228-B-1, 2012 MSPB LEXIS 6901, at *1 (Nov. 20, 2012). In 1992, he pleaded guilty to rape, and he subsequently spent three years in prison. *Id.*

In 1997, Gossage applied for a job as an industrial hygienist with DOL's Occupational Safety and Health Administration ("OSHA"). *See id.* Although Gossage was eligible for a veteran's preference in hiring under the Veterans Employment Opportunity Act of 1998 ("VEOA"), the Office of Personnel Management ("OPM") granted permission for OSHA to pass him over because of his criminal history. *See id.* at *2. OPM also issued a negative suitability determination debarring him from eligibility for federal positions for three years. *Id.* Gossage appealed to the Board, which affirmed OPM's decision. *See id.*; *see also Gossage v. OPM*, No. SE-0731-98-0139-I-1 (June 30, 1998), *review denied*, 81 M.S.P.R. 651 (1998), *appeal dismissed*, 215 F.3d 1340 (Fed. Cir. 1999).

## II.  Second Appeal to the Board

On September 5, 2000, shortly after the three-year de-barment period expired, Gossage again applied for a job as an industrial hygienist.  OSHA again requested permission from OPM to pass over Gossage's application, and on November 30, 2000, OPM issued a written decision granting OSHA's request.  SAppx. 107.  On May 16, 2001, OPM issued another negative suitability determination and de-barred Gossage from federal employment for another two years.[2]  SAppx. 109–12.

Gossage then proceeded along a number of different avenues to challenge OPM's actions.  First, on June 8, 2001, he filed an appeal at the Board—MSPB Docket No. SE-0731-01-0261-I-1—in which he challenged OPM's negative suitability determination and his non-selection for the position of industrial hygienist.  *See Gossage v. Dep't of Labor*, 118 M.S.P.R. 455, 457 (M.S.P.B. 2012).  Next, on July 1, 2001, Gossage filed an administrative complaint with DOL's Veterans' Employment and Training Service ("VETS") alleging that OSHA had violated his veterans' preference rights under the VEOA, but VETS later informed him that his claim against OSHA lacked merit.  *See id.*  Then, on July 3, 2001, Gossage filed an administrative complaint with DOL alleging that his non-selection for the position violated his rights under the VEOA, and on July 18, 2001, DOL informed him of its finding that his rights were not violated.

Gossage proceeded to prosecute his appeal at the Board regarding the negative suitability determination.  On April 22, 2002, the Administrative Judge ("AJ") granted

---

[2]    OPM later rescinded this suitability determination in 2004.  *See* Gossage Informal Br. Appx. at 46.  Gossage asserts that he was not notified of the rescission at that time.

OPM's motion to dismiss the appeal based on collateral estoppel grounded in the Board's affirmance of OPM's earlier unsuitability determination. *See Gossage v. OPM*, 163 F. App'x 909, 910–11 (Fed. Cir. 2006). Although the Board split on disposition of Gossage's appeal, the AJ's decision became the final decision of the Board. *Id* at 911. Gossage appealed to this court, and we vacated the dismissal and remanded to the Board for determination whether OPM's May 2001 decision was an appealable unsuitability determination and whether it was supported by substantial evidence. *Id.* at 912. We found that collateral estoppel did not resolve the issue because, while Gossage's criminal conviction remained on the record, an unsuitability determination involves additional considerations, including subsequent good behavior. *Id.*

In July 2008, on remand from this court, the AJ affirmed OPM's determination that Gossage was not suitable for employment and the Board affirmed that decision on March 24, 2009. *Gossage v. OPM*, 111 M.S.P.R. 107, 107 (M.S.P.B. 2009). In its final order, the Board specifically noted that Gossage "may now file appeals under the Veterans Employment Opportunities Act of 1998 [(VEOA)] and Uniformed Services Employment and Reemployment Rights Act of 1994 [("USERRA")], which he delayed filing pending resolution of this appeal." *Id.*

### III. Third and Fourth Appeals to the Board

On December 29, 2010, Gossage filed two more Board appeals—his third and fourth Board appeals overall—one under the VEOA and the other under USERRA. In his VEOA appeal, MSPB Docket No. SF-3330-11-0227-I-1, Gossage alleged that his non-selection for the position of industrial hygienist constituted a violation of the VEOA. *See* Initial Decision, *Gossage v. Dep't of Labor*, No. SF-3330-11-0227-I-1, 2011 MSPB LEXIS 3249, at *1 (M.S.P.B. May 23, 2011). The AJ found that his claim was untimely because it was not filed within 15 days of the July 18, 2001

letter from DOL notifying him that his VEOA claim was without merit. *Id.* at *3. The AJ then determined that Gossage was not entitled to equitable tolling of that deadline due to the intervening appeal of OPM's negative suitability determination because "the Board's Final Order in his suitability appeal expressly advised him that he could file such a separate appeal as of March 24, 2009" but Gossage "instead waited approximately 21 additional months before filing the present appeal." *Id.* at *7. On August 10, 2012, the Board adopted the AJ's initial decision. *Gossage v. Dep't of Labor*, 118 M.S.P.R. 421 (M.S.P.B. 2012). Gossage appealed to this court, and we affirmed. *Gossage v. Merit Systems Protection Bd.*, 513 F. App'x 981 (Fed. Cir. 2013).

In his USERRA appeal, MSPB Docket No. SF-4324-11-0228-I-1, Gossage argued that OSHA discriminated against him based on his military service. *See* 2012 MSPB LEXIS 6901, at *1. The AJ dismissed the appeal on the ground that Gossage had filed a complaint with DOL and had not exhausted that process, but the Board reversed and remanded for a hearing on the USERRA claim. *Gossage v. Dep't of Labor*, 118 M.S.P.R. 455 (M.S.P.B. 2012). On remand, the AJ denied Gossage's request for corrective action under USERRA on the merits because Gossage "did not meet his burden of proving that his military service was a substantial or motivating factor in the agency's decision not to hire him." Initial Decision, *Gossage v. Dep't of Labor*, No. SF-4324-11-0228-B-1, 2012 MSPB LEXIS 6901, at *14 (M.S.P.B. Nov. 20, 2012), *review denied*, 120 M.S.P.R. 75 (M.S.P.B. 2013).

IV.  Fifth, Sixth, and Seventh Appeals to the Board

Within one day of this court's affirmance of the Board's decision regarding Gossage's VEOA claim on May 13, 2013, *See* 513 F. App'x 981, Gossage filed a new administrative complaint with DOL alleging that his non-selection for the industrial hygienist position violated his rights under the

VEOA. Similarly, within one day of the Board's final decision regarding Gossage's USERRA claim on September 27, 2013, *see* 120 M.S.P.R. 75, Gossage filed another new administrative complaint alleging violation of the VEOA. And between those events, Gossage filed a third new administrative complaint alleging violation of the VEOA. Regarding each of the three new administrative complaints, DOL notified Gossage that it would not investigate the complaint because it was untimely, and Gossage proceeded to file three more Board appeals—MSPB Docket Nos. SF-3330-13-0517-I-1, SF-3330-14-0004-I-1, and SF-3330-14-0078-I-1—his fifth, sixth, and seventh Board appeals, respectively.

On July 10, 2013, the AJ issued an initial decision in MSPB Docket No. SF-3330-13-0517-I-1 denying corrective action because the May 13, 2013 administrative complaint was untimely. *See* Initial Decision, *Gossage v. Dep't of Labor*, No. SF-3330-13-0517-I-1, 2013 MSPB LEXIS 3649, at *8 (M.S.P.B. July 10, 2013). Then, on January 2, 2014 and January 24, 2014, respectively, the AJ issued initial decisions in the other two pending Board appeals denying corrective action, finding under the doctrine of collateral estoppel that the July 10, 2013 decision precluded Gossage from relitigating the untimeliness of his administrative complaints. *See* Initial Decision, *Gossage v. Dep't of Labor*, No. SF-3330-14-0004-I-1, 2014 MSPB LEXIS 27 (M.S.P.B. Jan. 2, 2014); Initial Decision, *Gossage v. OPM*, No. SF-3330-14-0078-I-1, 2014 MSPB LEXIS 378 (M.S.P.B. Jan. 24, 2014). Gossage appealed all three Board decisions to this court, but we dismissed all three cases due to Gossage's failure to pay the required fees under the Federal Circuit Rules. *See Gossage v. OPM*, 563 F. App'x 783 (Fed. Cir. June 16, 2014); *Gossage v. Dep't of Labor*, No. 2014-3005, 2014 U.S. App. LEXIS 10672 (Fed. Cir. June 9, 2014); *Gossage v. Dep't of Labor*, No. 2014-3079, 2014 U.S. App. LEXIS 10671 (Fed. Cir. June 9, 2014). On September 8, 2014, Gossage filed a petition for writ of certiorari in the

Supreme Court, which was denied on March 2, 2015.  *See Gossage v. Dep't of Labor*, 574 U.S. 1191 (2015).

V.  Eighth Appeal to the Board

On July 11, 2020, Gossage filed a new administrative complaint with DOL, again alleging that his non-selection for the industrial hygienist position violated his rights under the VEOA and USERRA.  *See* Gossage Informal Br. Appx. at 29–30.  In correspondence with DOL, Gossage further argued that his complaint was also based on OPM's December 27, 2004 rescission of its earlier negative suitability determination, including OPM's alleged failure to notify Gossage of that rescission.  *See* SAppx. 25.  DOL notified Gossage that his complaint was untimely.  *Id.*

Gossage filed yet another Board appeal, his eighth to date.  The AJ issued a detailed acknowledgment order laying out the untimeliness issue, including the collateral estoppel problem, that Gossage faced.  The AJ informed Gossage, in no uncertain terms, that:

> [I]t appears that you may be precluded from arguing that your administrative complaint was timely or that equitable tolling applies[.]  [I]t appears you are attempting to appeal a claim that has already been adjudicated, specifically by the decision in *Gossage v. Office of Personnel Management*, MSPB Docket No. SF-3330-14-0078-I-1.

SAppx. 32.

After receiving submissions from Gossage and the agency, the AJ issued an initial decision, denying Gossage's request for corrective action.  SAppx. 1–15.  The AJ took judicial notice of the documents filed in Gossage's prior Board appeals.  SAppx. 2.  The AJ found that Gossage was collaterally estopped from relitigating the untimeliness of his DOL complaint and the applicability of equitable tolling.  SAppx. 5–7.  The AJ further found that, even if collateral estoppel did not apply, Gossage's July 11, 2020

administrative complaint was untimely for the same reasons discussed in the prior Board decisions.

The AJ's decision became the final decision of the Board on December 24, 2020. *See* SAppx. 7. Gossage appealed and we have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "It is well established that collateral estoppel, also known as issue preclusion, applies in the administrative context." *SynQor, Inc. v. Vicor Corp.*, 988 F.3d 1341, 1347 (Fed. Cir. 2021) (quoting *MaxLinear, Inc. v. CF CRESPE LLC*, 880 F.3d 1373, 1376 (Fed. Cir. 2018)); *see also Thomas v. GSA*, 794 F.2d 661 (Fed. Cir. 1986) ("Like other judicial or quasi-judicial tribunals deciding on the basis of an adversary, litigated record, the MSPB can apply the doctrine of issue preclusion in the appropriate circumstances."). "Thus, administrative decisions have preclusive effect '[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate.'" *SynQor*, 988 F.3d at 1347 (quoting *B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138, 148–49 (2015). The application of the doctrine of collateral estoppel is an issue of law that we review de novo. *Id.* (citing *Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003)). But, as always, we are bound by the Board's factual determinations underlying its legal conclusions unless those findings are not supported by substantial evidence. *See Smith v. GSA,* 930 F.3d 1359, 1364 (Fed. Cir. 2019).

Collateral estoppel is applicable when the following criteria are met: (i) the issue previously adjudicated is

identical to the issue currently presented; (ii) the issue was actually litigated in the prior case; (iii) the previous determination of the issue was necessary to the resulting judgment; and (iv) the party to be precluded had a full and fair opportunity to litigate the issue in the prior action. *See Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 239 (Fed. Cir. 1988). We have, on multiple occasions, held that the doctrine of collateral estoppel applies to bar a litigant from relitigating a timeliness issue. *See Fernandez v. Dep't of the Army*, 86 F. App'x 410, 413 (Fed. Cir. 2003); *Estacio v. U.S. Postal Service*, 34 F. App'x 677, 679 (Fed. Cir. 2002); *Abellanes v. OPM*, No. 1996-3219, 1996 U.S. App. LEXIS 29098, at *2–3 (Fed. Cir. Nov. 7, 1996).

The Board found that all four elements of collateral estoppel were met in this case. SAppx. 5. For the first element, the Board determined that, because Gossage's July 11, 2020 administrative complaint challenges the same operative events in 2000 as the administrative complaints that Gossage filed in 2013, the deadline for him to have filed an administrative complaint with DOL was the same. Thus, the untimeliness issue that was adjudicated in Gossage's prior Board appeals is identical to the untimeliness issue here. *Id.* at 5–6. For the remaining three elements of collateral estoppel, the Board found that the issue of untimeliness (including equitable tolling) was actually litigated in the prior Board appeals, the untimeliness issue was the sole basis for denying corrective action in the prior Board appeals, and Gossage had a full and fair opportunity to litigate the untimeliness issue in the prior Board appeals. *Id.*

Construing Gossage's appeal liberally, he appears to assert two reasons why the Board erred in applying collateral estoppel. First, Gossage appears to argue that the Board erred by commingling the timeline and conflating his various appeals regarding VEOA claims, USERRA claims, and OPM's negative suitability determinations. *See* Gossage Informal Br. at 7. Second, Gossage appears to

argue that equitable tolling of the deadline for his administrative complaint should apply based on new evidence that OPM allegedly failed to notify him in 2004 that it had rescinded its prior negative suitability determination. *See id.*; *see also* Gossage Informal Br. Appx. at 46. Neither of Gossage's arguments holds water.

Contrary to Gossage's argument, the Board has done an admirable job over the past twenty years keeping track of, and avoiding commingling between, Gossage's various complaints. In each of Gossage's eight appeals, the Board has diligently considered the particular claim at issue, including the legal basis and the factual predicate, and addressed that claim under the relevant law. For example, in its 2009 final order in MSPB Docket No. SE-0731-01-0261-I-1, the Board explicitly recognized that its decision pertained only to OPM's negative suitability determination, and that Gossage was within his rights at that time to file appeals with respect to any claims he had under the VEOA or USERRA. *See* 111 M.S.P.R. at 107. Similarly, in a 2012 decision in MSPB Docket No. SF-4324-11-0228-I-1, the Board carefully distinguished Gossage's USERRA claim from his earlier complaints, and thus determined that Gossage's USERRA claim was not barred by collateral estoppel at that time. *See* 118 M.S.P.R. at 459–62.

In this case, Gossage's correspondence with DOL indicated that his July 11, 2020 administrative complaint was based on the Veterans Preference provisions of the VEOA, USERRA, and OPM's December 27, 2004 rescission of its earlier negative suitability determination. *See* Gossage Informal Br. Appx. at 30; SAppx. 25.[3] The AJ issued a

---

[3] It bears noting that, to the extent there has been any commingling of Gossage's various complaints, it is due to Gossage's continued reliance on the same factual circumstances in each complaint, and his own failure to clearly distinguish the legal bases for his claims. For example, in

detailed acknowledgment order providing Gossage with an opportunity to explain why the instant appeal is different from the Board's earlier decisions, but Gossage failed to do so. The AJ considered Gossage's submission in response to the acknowledgment order and determined that "the timeliness issue is the same as that raised" in Gossage's prior appeals because "[a]ll three appeals involve the timeliness of administrative complaints challenging the same operative events of 2000 that were filed years after those events." SAppx. 5. Under these circumstances, we do not agree with Gossage's argument that the Board erred by conflating his various claims.

Turning to Gossage's second argument, we are not persuaded that OPM's alleged failure to notify Gossage about the rescission of its negative suitability determination in 2004 has any relevance to the outcome of this case. As a factual matter, the Board specifically found that Gossage was in possession of evidence showing OPM's rescission as early as 2011, prior to the filing of the 2013 administrative complaints that underlie collateral estoppel in this case. *See* SAppx. 6; *see also id.* n.5 (taking official notice that Gossage filed a copy of the rescission in one of his prior appeals on October 1, 2012). Thus, any evidence regarding that rescission was already part of the full adjudication of the untimeliness issue in Gossage's prior appeals.

Moreover, as a logical matter, Gossage's request that we "REOPEN and/or VACATE ALL prior decisions as Void," *see* Gossage Informal Br. at 7, is a non sequitur. Even if Gossage were correct that OPM committed "misrepresentation, concealment, [f]raud," *see id.*, his allegations pertain to an OPM rescission that was in his favor.

---

his brief in this appeal, Gossage refers to this case as a "standalone OPM-VEOA/USERRA case," essentially blending three categories of claims that the Board has attempted to keep separate. *See* Gossage Informal Br. at 7.

And Gossage fails to explain why OPM's conduct has any relevance to his failure to timely file an administrative complaint.

For the foregoing reasons, we find that the Board correctly applied collateral estoppel to bar Gossage from relitigating the untimeliness of his administrative complaint. Because Gossage's July 11, 2020 administrative complaint was untimely, the Board properly denied corrective action.

## CONCLUSION

We have considered Gossage's remaining arguments but we find them unpersuasive, and Gossage is hereby put on notice that persistence in filing further repetitive claims and appeals may lead in this court to the imposition of sanctions. Accordingly, the decision of the Board is *affirmed*.

## **AFFIRMED**