# United States Court of Appeals
# for the Federal Circuit

---

**SKYHAWKE TECHNOLOGIES, LLC,**
*Appellant*

**v.**

**DECA INTERNATIONAL CORP.,**
*Cross-Appellant*

---

2016-1325, 2016-1326

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/001,750.

---

**ON MOTION**

---

Before TARANTO, CHEN, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

## O R D E R

Deca requested *inter partes* reexamination of a patent owned by SkyHawke. SkyHawke ultimately prevailed, with the Patent Trial and Appeal Board finding the contested claims not obvious over the cited prior art. SkyHawke appeals, arguing that the Board decision should be affirmed but that the claim construction relied

on by the Board to reach that decision should be corrected by this court.

Deca moves to dismiss SkyHawke's appeal for lack of jurisdiction. SkyHawke opposes the motion. For the reasons set forth below, we grant the motion to dismiss.

I

SkyHawke sued Deca in United States district court for infringement of U.S. Patent 7,118,498. In response, Deca filed a request for *inter partes* reexamination of the '498 patent at the Patent Office. The district court stayed the litigation pending the outcome of the reexamination.

The Patent Office granted reexamination, finding substantial new questions of patentability for claims 5 through 8 of the '498 patent. The Examiner initially rejected all claims based on several grounds of obviousness. But, the Examiner subsequently reversed course, confirming the patentability of all of the claims. Deca appealed this finding to the Board, which affirmed the Examiner's confirmation of all claims. As part of its decision, the Board performed a lengthy analysis of the meaning of the phrase "means . . . for determining a distance" recited in claim 5. The Board identified particular algorithms in the '498 patent as providing the corresponding structure for that claim element, as required for a means-plus-function claim under 35 U.S.C. § 112 ¶ 6. Based on this claim construction, the Board concluded that none of the prior art references disclosed the algorithmic structure corresponding to the "means . . . for determining a distance" of claim 5. On this basis, the Board affirmed the Examiner's confirmation of patentability of claims 5–8.

SkyHawke filed an appeal from the Board's judgment. SkyHawke requests the following relief: "Correction of the PTAB's claim construction and affirmance of the PTAB's ultimate decision upholding the examiner's with-

drawal of the rejection of claims 5-8" of the '498 patent. Form 26 Docketing Statement of SkyHawke, ECF No. 12.

Deca subsequently filed what is essentially a conditional cross-appeal, which it intends to dismiss if SkyHawke's principal appeal is dismissed. *See* Motion to Dismiss, ECF No. 13, p. 4 n.2.

## II

Courts of appeals employ a prudential rule that the prevailing party in a lower tribunal cannot ordinarily seek relief in the appellate court. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333–34 (1980); *see also Camreta v. Greene*, 563 U.S. 692, 702–04 (2011) (distinguishing Article III standing and prudential rule). Even if the prevailing party alleges some adverse impact from the lower tribunal's opinions or rulings leading to an ultimately favorable judgment, the matter is generally not proper for review. *See California v. Rooney*, 483 U.S. 307, 311–13 (1987).

SkyHawke's appeal fits cleanly into this prudential prohibition. SkyHawke alleges a generalized concern that the Board made "an erroneous, overly-narrow claim construction, impacting SkyHawke's patent rights and its statutory right to exclude others from practicing its invention." Opposition, ECF No. 14, p. 1. But SkyHawke does not seek to alter the judgment of the Board in this case.

*Rooney* is instructive. In that case involving a challenge to the validity of a search warrant, the State of California prevailed as to the validity of the search warrant but disagreed with a portion of the appellate court's reasoning. *See Rooney*, 438 U.S. at 310–11. Fearing that the appellate court's reasoning might harm the State's position at trial, it petitioned the Supreme Court for review. *See id.* at 311–12. The Supreme Court refused to hear the case on the merits. *See id.* at 314. The Supreme

Court found the State's concern for some future, potential harm to be too attenuated from the judgment actually entered by the appellate court. *See id.* at 312–13. The Supreme Court explained:

> Even if everything the prosecution fears comes to bear, the State will have the opportunity to appeal such an order [excluding some evidence], and this Court will have the chance to review it, with the knowledge that we are reviewing a state-court *judgment* on the issue[.]

*Id.* at 313.

SkyHawke's appeal is nearly identical to the state's appeal in *Rooney*. SkyHawke is primarily concerned that the district court will rely on the Board's claim construction and that Deca will thereby escape the infringement suit.

However, SkyHawke will be able to appeal any such unfavorable claim construction by the district court should that situation arise. While administrative decisions by the U.S. Patent and Trademark Office can ground issue preclusion in district court when the ordinary elements of issue preclusion are met, *see B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302–10 (2015) (holding that Trademark Trial and Appeal Board decisions on trademark registrations can ground issue preclusion in district courts for the question of likelihood-of-confusion when the ordinary elements of issue preclusion are met), we cannot foresee how the claim construction reached by the Board in this case could satisfy those ordinary elements. *See Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 647 (2006) (no preclusion based on judgment that is not subject to appeal); *Penda Corp. v. United States*, 44 F.3d 967, 972–73 (Fed. Cir. 1994) ("It is axiomatic that a judgment is without preclusive effect against a party which lacks a right to appeal that judgment"). Moreover, issue preclusion requires that "the

issues were actually litigated." *In re Trans Tex. Holdings Corp.*, 498 F.3d 1290, 1297 (Fed. Cir. 2007). Because the Board applies the broadest reasonable construction of the claims while the district courts apply a different standard of claim construction as explored in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc), the issue of claim construction under *Phillips* to be determined by the district court has not been actually litigated. Informatively, we have held that issue preclusion does not require the Patent Office to use the claim construction determined by a district court. *See Trans Texas*, 498 F.3d at 1296–98 (holding that the Patent Office is not bound by district court claim construction because Patent Office was not a party to the district court proceeding); *Power Integrations v. Lee*, 797 F.3d 1318, 1326 (Fed. Cir. 2015) (noting that the Patent Office is not bound by the district court claim construction due to the different claim construction standards applied in the two fora). Likewise, judicial estoppel will not bind SkyHawke to the Board's claim construction, because judicial estoppel only binds a party to a position that it advocated and successfully achieved, *see Zedner v. United States*, 547 U.S. 489, 504 (2006). SkyHawke clearly did not advocate the claim construction ultimately adopted by the Board. Finally, the claim construction adopted by the Board cannot create prosecution history disclaimer, at least because a party can avoid such disclaimer by opposing such statements when made by the Patent Office, *cf. Biogen Idec, Inc. v. GlaxoSmithKline LLC*, 713 F.3d 1090, 1096 (Fed. Cir. 2013) (An applicant "can challenge an examiner's characterization [of the claims] in order to avoid any chance for disclaimer . . . ."), which SkyHawke has done here.

Therefore, SkyHawke will have the opportunity to argue its preferred claim construction to the district court, and SkyHawke can appeal an unfavorable claim construction should that situation arise. With the present appeal, SkyHawke is merely trying to preempt an unfavorable

outcome that may or may not arise in the future and, if it does arise, is readily appealable at that time. Therefore, we see nothing in the present case that warrants deviation from the standard rule counseling against our review of prevailing party appeals.

SkyHawke argues that the language of pre-AIA 35 U.S.C. § 141 (2006) requires us to take jurisdiction over this appeal contrary to the ordinary rule.[1] Pre-AIA § 141 provides that a patent owner "who is in any reexamination proceeding dissatisfied with the final decision in an appeal to the Board . . . may appeal the decision only to" this court. *Id.* SkyHawke argues that it is dissatisfied with the claim construction leading to the Board's final decision, so the present appeal fits properly within the scope of pre-AIA § 141.

But we disagree. Although the ordinary rule in *Deposit Guaranty* and *Rooney* is most clearly applicable with respect to appeals taken from United States district courts, where the statute providing for such appeals refers to "appeals from all final decisions," 28 U.S.C. § 1291 (2012), we see no material difference from the statute here that provides for appeals when "dissatisfied with the final decision" of the Board. SkyHawke points us to no authority to suggest that Congress intended the use of "dissatisfied with" in conjunction with "final decision" to broaden the appeal rights from Board decisions to include those of prevailing parties who are merely dissatisfied with the Board's reasoning.

Even if we were to divine some special meaning in the "dissatisfied" phraseology of § 141, it would not lead us to a conclusion in favor of SkyHawke. Our predecessor court

---

[1] Pre-AIA § 141 is applicable in this case because the underlying proceeding at the Board was an *inter partes* reexamination.

clarified that the opinion of the Board is not the "decision" for purposes of § 141. *See In re LePage's Inc.*, 312 F.2d 455, 459 (C.C.P.A. 1963) (Rich, J., concurring). Rather, "[t]he decision is the act of the board in saying whether each ground of rejection of the examiner which is appealed to it is right or wrong." *Id.* This comports with the general notion that appellate courts "review[ ] judgments, not statements in opinions." *Rooney*, 483 U.S. at 311. But SkyHawke is not dissatisfied with the Board's judgment, only with its opinion explaining that judgment.

While SkyHawke relies heavily on the decision of our predecessor court in *In re Priest*, 582 F.2d 33 (C.C.P.A. 1978), that decision does not justify treating this case as outside the ordinary rule counseling against prevailing party appeals. The court in *Priest* emphasized that it was exercising jurisdiction over the patentee's appeal from the Board, despite the Board's upholding of the claims at issue, based strictly on the unique factual scenario presented there. What the court identified as distinctive about the scenario was that the Board itself stated clearly that it would not have upheld the claims at issue, but for its own adoption of a new claim construction. *See id.* at 36 ("'We have held [patentee] has complied with Section 112 of the Statute but only for the reason as stated by us . . . .'") (quoting Board); *id.* at 33 (first sentence of opinion describing Board's decision as "conditionally 'reversing'" examiner); *id.* at 38 (last sentence of opinion again stating that Board's claim construction was "a condition of said reversal"). That unique factual scenario is not present here. Moreover, because the rule is prudential not jurisdictional, the court in *Priest* was within its rights to depart from the ordinary rule against prevailing party appeals but would not have been required to do so. We see nothing in the present appeal that would warrant such a departure.

### III

For these reasons, we decline to review SkyHawke's appeal.  Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted.  SkyHawke's appeal 2016-1325 is dismissed.

(2)  Each party shall bear its own costs.

FOR THE COURT

July 15, 2016                    /s/ Peter R. Marksteiner
      Date                       Peter R. Marksteiner
                                 Clerk of Court