# United States Court of Appeals for the Federal Circuit

---

**NESTLE USA, INC.,**
*Appellant*

v.

**STEUBEN FOODS, INC.,**
*Appellee*

---

2017-1193

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2015-00249.

---

Decided: March 13, 2018

---

VIRGINIA L. CARRON, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Atlanta, GA, argued for appellant. Also represented by KEVIN D. RODKEY; TYLER MICHAEL AKAGI, THOMAS H. JENKINS, Washington, DC.

THOMAS FISHER, Oblon, McClelland, Maier & Neustadt, LLP, Alexandria, VA, argued for appellee. Also represented by W. COOK ALCIATI, CHARLIE AVIGLIANO, Steuben Foods, Inc., Jamaica, NY.

---

Before DYK, REYNA, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Nestlé USA, Inc. appeals from the final decision of the Patent Trial and Appeal Board in an inter partes review, finding claim 9 of U.S. Patent No. 6,481,468 B1 not obvious. The patent is owned by Steuben Foods, Inc. and directed to systems for aseptic packaging of food products. Nestlé argues that the Board erred by applying an erroneous construction of the related terms "aseptic" and "aseptically disinfecting." Because collateral estoppel attaches to the issue, we vacate the Board's construction and remand for further proceedings.

Nestlé previously appealed the Board's construction of "aseptic" in a separate inter partes review involving claims 18–20 of U.S. Patent No. 6,945,013 B2, another patent owned by Steuben Foods and related to the '468 patent.[1] *See Nestlé USA, Inc. v. Steuben Foods, Inc.*, 686 F. App'x 917, 918 (Fed. Cir. 2017). We vacated the Board's construction, relying on binding lexicography in the specification for "aseptic" to construe the term to mean the "FDA level of aseptic." *Id.* at 919. Nestlé now raises arguments against the Board's construction of "aseptic" similar to those raised in the prior appeal involving the '013 patent.

---

[1] Both patents claim priority to the same provisional application as well as share substantially similar descriptions of the claimed inventions. *Compare* '468 patent, col. 2 ll. 37–40 ("[T]he present invention provides an apparatus and method for providing container product filling in an aseptic processing apparatus."), *with* '013 patent, col. 2 ll. 5–9 ("[T]he present invention provides a method and apparatus for providing aseptically processed low acid products in a container having a small opening, such as a glass or plastic bottle or jar, at a high output processing speed.").

"Collateral estoppel protects a party from having to litigate issues that have been fully and fairly tried in a previous action and adversely resolved against a party-opponent." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). We apply our precedent on collateral estoppel when claim construction is involved. *Id.* "It is well established that collateral estoppel, also known as issue preclusion, applies in the administrative context." *Maxlinear, Inc. v. CF CRESPE LLC*, 880 F.3d 1373, 1376 (Fed. Cir. 2018).

It is undisputed that the claims at issue in the two appeals use the term "aseptic" (or its related variation "aseptically disinfecting") in a similar fashion. *Compare* '468 patent, col. 26 l. 20 (claim 9 referring to "aseptically disinfecting a plurality of bottles"), col. 25 l. 61 (claim 1, from which claim 9 depends, referring to "an aseptic product"), *with* '013 patent, col. 16 ll. 36–62 (referring to "aseptically disinfecting the bottles," "aseptically filling the bottles with aseptically sterilized foodstuffs," and "aseptically disinfected plurality of bottles"). More critically, the two patents also provide identical lexicography for the term "aseptic" in their specifications. *Compare* '468 patent, col. 2 ll. 32–35 ("In the following description of the present invention, the term 'aseptic' denotes the United States FDA level of aseptic."), *with* '013 patent, col. 1 l. 67–col. 2 l. 2 (same); *compare* '468 patent, col. 5 ll. 45–46 ("Hereafter, 'aseptic' will refer to the FDA level of aseptic."), *with* '013 patent, col. 4 ll. 28–29 (same). Neither party has pointed to any material difference between the two patents or their prosecution histories that would give rise to claim construction issues in this appeal different from those raised in the prior appeal. Accordingly, Steuben Foods has had a full and fair opportunity to litigate the issue of claim construction during the prior appeal.

It follows, therefore, that collateral estoppel protects Nestlé and obviates the need to revisit an issue that was

already resolved against Steuben Foods. Importantly, our precedent makes clear that collateral estoppel is not limited "to patent claims that are identical. Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Ohio Willow Wood*, 735 F.3d at 1342; *see also Maxlinear*, 880 F.3d at 1377.

Accordingly, we vacate the Board's construction as erroneous and construe aseptic to mean the "FDA level of aseptic," as detailed in our prior opinion. *See also Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1334 (Fed. Cir. 2003) (noting that the same construed meaning should generally attach to the same claim term in related patents). Because the Board erred in its construction, we also vacate its nonobviousness determination and remand for further proceedings consistent with this opinion.

**VACATED-AND-REMANDED**