NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RESHAWN ARMSTRONG,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES, MERRICK B. GARLAND, ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS,**

*Defendants-Appellees*

---

2021-2141

---

Appeal from the United States District Court for the Northern District of Alabama in No. 7:20-cv-00796-RDP, Judge R. David Proctor.

---

Decided:  December 15, 2021

---

RESHAWN ARMSTRONG, Tuscaloosa, AL, pro se.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendants-appellees.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, REYNA and CHEN, *Circuit Judges*.

PER CURIAM.

Reshawn Armstrong originally filed this appeal in the Eleventh Circuit, challenging eight separate orders from the Northern District of Alabama. *See* J.A. 31–32. One was the district court's December 1, 2020 order granting Ms. Armstrong's motion to transfer her Fair Labor Standards Act claim to the U.S. Court of Federal Claims. J.A. 32; J.A. 1. The Eleventh Circuit transferred the appeal of that order to us. *Armstrong v. United States*, No. 21-10200-CC, 2021 U.S. App. LEXIS 20183, at *1 (11th Cir. July 7, 2021). We *dismiss*.

"Courts of appeals employ a prudential rule that the prevailing party in a lower tribunal cannot ordinarily seek relief in the appellate court." *SkyHawke Techs., LLC v. Decca Int'l Corp.*, 828 F.3d 1373, 1375 (Fed. Cir. 2016) (first citing *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333–34 (1980); then citing *Camreta v. Greene*, 563 U.S. 692, 702–04 (2011)). Here, Ms. Armstrong requests that we transfer her Fair Labor Standards Act claim to the Claims Court. Appellant's Br. 4. Yet that is precisely what the district court ordered on December 1, 2020. J.A. 1. The transfer would have occurred on February 1, 2021, after the 60-day stay required under 28 U.S.C. § 1292(d)(4)(B). J.A. 35–36. Before that process could run its course, however, Ms. Armstrong appealed. By appealing, Ms. Armstrong stayed the very relief she sought and won. *See* 28 U.S.C. § 1292(d)(4)(B) ("If an appeal is taken from the district court's grant or denial of the motion, proceedings shall be further stayed until the appeal has been decided by [us]."). Regardless, because Ms. Armstrong prevailed below, we dismiss her appeal of the district court's transfer order.

    To avoid further delaying the transfer, we order that the mandate issue concurrently with this dismissal. *See* FED. R. APP. P. 41(b).  Accordingly, the stay is lifted, and the district court may now transfer Ms. Armstrong's claim to the Claims Court.  *See* 28 U.S.C. § 1292(d)(4)(B).

**DISMISSED**

COSTS

No costs.