NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**AMERICAN NATIONAL MANUFACTURING INC.,**
*Appellant*

**v.**

**SLEEP NUMBER CORPORATION, FKA SELECT COMFORT CORPORATION,**
*Cross-Appellant*

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2021-1030, 2021-1032

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2019-00514.

---

Decided:  July 25, 2022

---

KYLE L. ELLIOTT, Spencer Fane, LLP, Kansas City, MO, argued for appellant.  Also represented by BRIAN T. BEAR, KEVIN S. TUTTLE; ANDREW W. LESTER, Oklahoma

City, OK.

RUFFIN B. CORDELL, Fish & Richardson PC, Washington, DC, argued for cross-appellant. Also represented by ROBERT COURTNEY, MATHIAS WETZSTEIN SAMUEL, Minneapolis, MN; ANDREW S. HANSEN, ELIZABETH A. PATTON, LUKAS D. TOFT, Fox Rothschild LLP, Minneapolis, MN; STEVEN A. MOORE, Moore IP Law PC, San Diego, CA; KECIA JANNELL REYNOLDS, Paul Hastings LLP, Washington, DC.

PETER JOHN SAWERT, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor. Also represented by THOMAS W. KRAUSE, WILLIAM LAMARCA, FARHEENA YASMEEN RASHEED.

————————————

Before STOLL, SCHALL, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

## I. BOARD DECISION

The Patent Trial and Appeal Board issued a final written decision in an *inter partes* review determining that American National Manufacturing, Inc. ("ANM") failed to demonstrate that claims 2, 4, 6, 12, 20, 22, and 24 of U.S. Patent No. 5,904,172 ("the '172 patent") are unpatentable but succeeded in demonstrating that claim 16 is unpatentable as anticipated under 35 U.S.C. § 102(b). *Am. Nat'l Mfg., Inc. v. Sleep No. Corp.*, No. IPR2019-00514, 2020 WL 4492370 (P.T.A.B. Aug. 4, 2020) ("*Final Written Decision*"). ANM appealed and the patent owner, Sleep Number Corporation ("SNC"), cross-appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A). For the reasons below, we *affirm*.

## II. DISCUSSION

After careful consideration, we are unpersuaded by ANM's claim construction arguments. The Board did not

err by construing "substantially fluidly sealed" to mean "largely but not wholly sealed." *Final Written Decision*, 2020 WL 4492370, at \*12. We agree with the Board that the constructions proposed by the parties introduced limitations—"deliver[ing] compressed air when operating" and "allow[ing] for monitoring the pressure in the bladder via the pressure in the enclosure," respectively—that are unsupported by the intrinsic record. *Id.* at \*11; *see* J.A. 64, 72 ('172 patent Abstract, col. 2 ll. 64–66). We also reject ANM's argument that the Board's construction of "guides" as "structures that position a component, prior to fastening, by directing the component into place," (*Final Written Decision*, 2020 WL 4492370, at \*13), and "stops" as "structures that position a component, prior to fastening, by arresting travel into the enclosure," (*id.*), improperly introduced a temporal limitation or enforced an "order of steps." Appellant's Br. 3, 65–67. The Board's construction appropriately distinguishes "guides and stops" from components used for fastening, which is consistent with the specification and the patentee's representations to the Patent Office during reexamination. J.A. 74 ('172 patent col. 6 ll. 39–45), 264–65.

Further, the Board's patentability determinations are supported by substantial evidence, and we reject ANM and SNC's arguments to the contrary. *See* Appellant's Br. 48–56, 69–73; Cross-Appellant's Br. 62–65. ANM argues the Board erred by concluding Shafer's[1] "air distribution unit" is not "substantially fluidly sealed" because the '172 patent discusses using the same kind of "unsealed" pump as in Shafer. Appellant's Br. 48, 52. Even accepting that the '172 patent can use the same pump, it also teaches the use of a "substantially fluidly sealed" air chamber, (col. 2 ll. 64–66), and changes to the valves and ports depending

---

[1]    "Shafer" refers to International PCT Application No. WO 96/13947.

on whether the pump is or is not sealed, (col. 4 ll. 45–50, col. 7 ll. 32–62).  J.A. 72–73, 75.  ANM's arguments focus on the '172 patent and do not adequately explain what sealing exists *within Shafer* to challenge the Board's finding that "Shafer is silent as to any seal of housing 300 of air distribution unit 206."  Appellant's Br. 48–56; *Final Written Decision*, 2020 WL 4492370, at \*15.  Thus, ANM does not adequately explain how the Board's conclusions as to Shafer are not supported by substantial evidence.  As to Vrzalik,[2] ANM argues "supports 142" and the "interior surface" of the air box act as "guides and stops," respectively.  Appellant's Br. 72.  After reviewing Vrzalik's limited discussion of "supports 142"—J.A. 1204–05 (Vrzalik col. 8 ll. 33–38, col. 10 ll. 9–15)—a reasonable fact finder could have arrived at the Board's conclusion that Vrzalik fails to meet this limitation.  *See In re Gartside*, 203 F.3d 1305, 1312 (Fed. Cir. 2000); *Final Written Decision*, 2020 WL 4492370, at \*18 ("Vrzalik is silent regarding supports 142 and the interior of the air box 124 positioning motor 138 and plug 140, respectively.").  Similarly, we reject SNC's argument that Vrzalik fails to disclose a "substantially fluidly sealed air chamber," (Cross-Appellant's Br. 62–65), because Vrzalik teaches its air box is "airtight."  J.A. 1204 (Vrzalik col. 8 ll. 12–14); *see Final Written Decision*, 2020 WL 4492370, at \*16–17.

Finally, we decline to reach SNC's argument that the Board erred in construing "pressure monitor means . . . for monitoring" in claims 12 and 16.  Cross-Appellant's Br. 65–66.  SNC concedes it "did not argue below for patentability of claim 16" based on its own construction and that it is the "prevailing party" for claim 12.  *Id.* at 66.  Thus, review of this issue is not proper on appeal.  *See SkyHawke Techs., LLC v. Deca Int'l Corp.*, 828 F.3d 1373, 1375–76 (Fed. Cir. 2016) (employing prudential rule

---

[2]    "Vrzalik" refers to U.S. Patent No. 5,044,029.

declining review for "prevailing party in a lower tribunal" despite concern district court would "rely on the Board's claim construction"). The preclusive effect, if any, of the Board's construction would need to be decided in a subsequent action. *In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1310 n.5 (Fed. Cir. 2011) ("[T]he precise effect of the judgments in this case will necessarily have to be decided in any such later actions that may be brought."); *see also Apple Inc. v. Voip-Pal.com, Inc.*, 976 F.3d 1316, 1322 (Fed. Cir. 2020).

We have considered the parties' other arguments and find them unpersuasive. For the above reasons, we *affirm*.

## AFFIRMED

### COSTS

Each side to bear its own costs.