NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MARK GRISSOM,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2022-1332
_____

Petition for review of the Merit Systems Protection Board in No. AT-1221-21-0204-W-1.

_____

Decided: November 30, 2022

_____

MARK D. GRISSOM, Maylene, AL, pro se.

KATRINA LEDERER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

_____

Before STOLL, BRYSON, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Petitioner Mark D. Grissom challenges the Merit Systems Protection Board's dismissal of his individual right of action appeal for lack of jurisdiction. We affirm.

### BACKGROUND

Mr. Grissom was employed as an Administrative Officer at the VA Medical Center in Tuscaloosa, Alabama. In the Board proceeding below, Mr. Grissom alleged he had made fifteen protected disclosures regarding alleged prohibited or illegal activities at the VA Medical Center, for example regarding staffing issues and certain management and personnel practices. *See* Appx.[1] 7–9.

In February 2018, Mr. Grissom filed an initial complaint with the Office of Special Counsel (OSC), which was later amended to allege that the agency retaliated against him for his whistleblowing activities by issuing a proposed removal letter in August 2020 and a written decision in December 2020 to remove him effective January 5, 2021. Appx. 2–3.

On January 11, 2021, while his OSC complaint was pending, Mr. Grissom appealed his December 2020 removal as an unlawful adverse action, alleging among other things that the removal was based on illegal retaliation for some of the same whistleblowing activities identified in his OSC complaint. We will refer to this separate action as the Removal Appeal. *See Grissom v. Dep't of Veterans Affs.*, M.S.P.B. Docket No. AT-0714-21-0175-I-1. The Board ultimately affirmed the VA's removal of Mr. Grissom and, particularly relevant to this appeal, found that the government had shown by clear and convincing evidence that it would have removed Mr. Grissom even in the absence of his protected disclosures. *See generally Grissom*

---

[1]    Citations to "Appx." refer to the Appendix attached to the appellee's brief.

*v. Dep't of Veterans Affs.*, No. AT-0714-21-0175-I-1, 2021 WL 2527076 (M.S.P.B. June 16, 2021).

On January 12, 2021, OSC informed Mr. Grissom that it had terminated its investigation into his complaint and that he had the right to file an individual right of action (IRA) appeal with the Merit Systems Protection Board (Board). Appx. 3. On January 27, 2021, Mr. Grissom did so, alleging "a regular pattern of abusive retaliation culminating in his retaliatory removal from federal service effective January 5, 2021." *Id.*

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). The administrative judge (AJ) in Mr. Grissom's IRA appeal issued an order informing Mr. Grissom of his burden "to show that the Board should not dismiss the appeal for lack of jurisdiction." *Id.* On October 27, 2021, after considering the parties' responses, the AJ issued an initial decision dismissing the IRA appeal for lack of jurisdiction.

Specifically, the AJ determined that Mr. Grissom was "barred by collateral estoppel from relitigating his claim concerning his December 2020 removal" based on the Board's final decision in the Removal Appeal. Appx. 21. In addition, after noting that Mr. Grissom had asserted nine of the fifteen alleged protected disclosures in the Removal Appeal (Disclosures 6, 8–15), Appx. 10–11, the AJ took official notice of the Board's findings in the Removal Appeal, including that "the agency established by clear and convincing evidence that it would have proposed [Mr. Grissom]'s removal even in the absence of his protected

activity," Appx. 22. For Disclosures 1 and 3, the AJ found that Mr. Grissom did not identify these to OSC and therefore did not exhaust his remedy with OSC prior to filing his IRA appeal. Appx. 11–12. For the remaining disclosures, the AJ found that Mr. Grissom did not present either (1) non-frivolous allegations of protected activity; or (2) non-frivolous allegations that the disclosure was a contributing factor to any personnel action. *See* Appx. 13–17; Appx. 22–24. The AJ's decision became the Board's final decision on December 1, 2021. *See* Appx. 24.

Mr. Grissom appeals the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review determinations regarding the Board's jurisdiction de novo. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). Mr. Grissom argues that the AJ improperly (1) denied jurisdiction for one of the alleged retaliatory actions because Mr. Grissom already litigated that claim in the Removal Appeal and (2) took official notice as to findings from the Removal Appeal. *See* Appellant's Br. 2–3. We review each alleged error in turn.[2]

First, we address Mr. Grissom's argument that the AJ denied him due process in finding the Board lacked jurisdiction over his claim that his December 2020 removal constituted retaliation for whistleblowing because he had already litigated that claim in his Removal Appeal. Appellant's Br. 2. The AJ determined that Mr. Grissom was "barred by collateral estoppel from relitigating his claim concerning his December 2020 removal" based on the Board's final decision in the Removal Appeal. Appx. 21. Specifically, the AJ found that Mr. Grissom was "barred by

---

[2]    The AJ made several findings without relying on the Removal Appeal. We do not disturb these findings as they are not subject to Mr. Grissom's arguments.

collateral estoppel" because he raised identical issues in the Removal Appeal, the determination in the Removal Appeal "was necessary to the resulting judgment," and he was a party in the Removal Appeal. *Id.* (citing *Baney v. Dep't of Justice*, 109 M.S.P.R. 242, 246 ¶ 8 (2008)).

"It is well established that collateral estoppel, also known as issue preclusion, applies in the administrative context." *SynQor, Inc v. Vicor Corp.*, 988 F.3d 1341, 1347 (Fed. Cir. 2021) (quoting *MaxLinear, Inc. v. CF CRESPE LLC*, 880 F.3d 1373, 1376 (Fed. Cir. 2018)). Collateral estoppel applies when: "(1) the issues are identical to those in a prior proceeding, (2) the issues were actually litigated, (3) the determination of the issues was necessary to the resulting judgment, and (4) the party defending against preclusion had a full and fair opportunity to litigate the issues." *Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001) (citing *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1365–66 (Fed. Cir. 2000)).

We discern no error in the AJ's determination that the requirements for collateral estoppel were satisfied. We note that the Removal Appeal is the subject of Appeal No. 21-2124, filed by Mr. Grissom and decided by us today in a separate opinion. In that separate opinion, we hold that substantial evidence supports the Board's determination that the government showed by clear and convincing evidence that it would have removed Mr. Grissom even without his whistleblowing activity. We thus affirm the Board's decision that the agency's personnel action was not retaliatory in response to the alleged whistleblowing. Accordingly, because we see no error in the AJ's application of collateral estoppel, we affirm.

We recognize that "[w]here a judgment—or a part thereof—is reversed or vacated on appeal, there is no final judgment as to issues not actually resolved by the appellate court." *Berman v. Dep't of Interior*, 447 F. App'x 186, 191 (Fed. Cir. 2011); *see Rumsfeld v. Freedom NY, Inc.*, 329

F.3d 1320, 1332 (Fed. Cir. 2003) ("[A] vacated judgment 'has no preclusive force either as a matter of collateral or direct estoppel or as a matter of the law of the case.'") (citations omitted).  While our concurrent opinion in Mr. Grissom's Appeal No. 21-2124 vacated the agency's removal action for failure to consider the *Douglas* factors, there is still a final determination as to the non-retaliatory nature of Mr. Grissom's December 2020 removal.  Accordingly, our concurrent opinion does not alter our conclusion in this case.

We next consider Mr. Grissom's argument that the AJ erred by taking official notice of certain fact findings in the Removal Appeal to avoid inconsistent results.  We do not reach this issue, however, because the factual disputes underlying Mr. Grissom's argument are identical to those previously litigated and affirmed in our concurrent opinion in the Removal Appeal.  *See* Appx. 7–11; Appx. 21–22; *Grissom v. Dep't of Veterans Affs.*, Appeal No. 21-2124.  The determination of these issues—including that the government showed by clear and convincing evidence that it would have taken the personnel action even without his whistleblowing activity—was necessary to the resulting judgment, and Mr. Grissom had a full and fair opportunity to litigate the issues.  Because the requirements of collateral estoppel are satisfied, Mr. Grissom is precluded from relitigating these issues. *See Banner*, 238 F.3d at 1354; *see also Mintzmyer v. Dep't of Interior*, 84 F.3d 419, 423 (Fed. Cir. 1996).  Accordingly, Mr. Grissom has not asserted non-frivolous allegations that the disclosures were a contributing factor to any personnel action and the Board properly determined that it lacked jurisdiction.

Finally, Mr. Grissom argues that he was denied the right to submit evidence before the AJ.  Appellant's Br. 2, 3, 12.  But he has not described what evidence he should have been allowed to introduce or when or how he was denied the opportunity to present evidence.  Accordingly, we are not persuaded by Mr. Grissom's argument.

CONCLUSION

We have considered Mr. Grissom's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

COSTS

No costs.