NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHIBUYA KOGYO CO., LTD.,**
*Appellant*

**v.**

**STEUBEN FOODS, INC.,**
*Appellee*

---

2022-2256

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/000,686.

---

**ON MOTION**

---

Before TARANTO, MAYER, and STOLL, *Circuit Judges.*

TARANTO, *Circuit Judge.*

**O R D E R**

Steuben Foods, Inc. moves to dismiss this appeal for lack of standing.  Shibuya Kogyo Co., Ltd. opposes.

Shibuya appeals from the Patent Trial and Appeal Board's final decision in this *inter partes* reexamination, which related to claims 9 and 20–23 of Steuben's U.S. Patent No. 6,481,468.  Shibuya has no constitutional standing

to challenge the Board's decision reversing the examiner's rejection of those patent claims because the United States Patent and Trademark Office, in separate proceedings, issued a final certificate cancelling those same claims before this appeal was filed. *See Best Med. Int'l, Inc. v. Elekta Inc.*, 46 F.4th 1346 (Fed. Cir. 2022) (holding patentee lacked standing to appeal Board's decision when the challenged claim was finally canceled prior to appeal).

Shibuya argues that it is injured by the Board's claim construction, which it contends is likely to govern pending litigation in which related patents are asserted against it. But we have previously rejected attempts to establish standing based solely on concerns that a district court may later rely on the Board's claim construction. *See id.* at 1353 (noting that non-appealable issues and judgments typically lack preclusive effect). For example, in *SkyHawke Technologies, LLC v. Deca International Corp.*, 828 F.3d 1373 (Fed. Cir. 2016), we explained that a party would "be able to appeal any such unfavorable claim construction by the district court should that situation arise," and we could not "foresee how the claim construction reached by the Board" could satisfy the elements for any future application of issue preclusion. *Id.* at 1376.

We see no basis for a disposition different from the one in *Best Medical* and *SkyHawke*: dismissal of the appeal. Shibuya has not shown that the Board's claim construction will necessarily govern district court proceedings or that it will be without the ability to challenge a construction on appeal in those proceedings. Nor has Shibuya shown that vacatur is appropriate under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), because, as in *Best Medical*, "this appeal did not become moot during the pendency of the appeal," 46 F.4th at 1351; instead, Shibuya's "problem is lack of standing at the outset of the appeal," *Apple Inc. v. Qualcomm Inc.*, 17 F.4th 1131, 1137 (Fed. Cir. 2021).

Accordingly,

SHIBUYA KOGYO CO., LTD. v. STEUBEN FOODS, INC.                    3

IT IS ORDERED THAT:

(1)  The motion is granted.  The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

January 30, 2023                    /s/ Peter R. Marksteiner
          Date                          Peter R. Marksteiner
                                        Clerk of Court

ISSUED AS A MANDATE:  January 30, 2023