NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**APPLE INC., VISA INC., VISA U.S.A., INC.,**
*Appellants*

**v.**

**UNIVERSAL SECURE REGISTRY LLC,**
*Appellee*

---

2020-1223, 2020-1243

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-00813.

---

Decided:  August 26, 2021

---

MARK D. SELWYN, Wilmer Cutler Pickering Hale and Dorr LLP, Palo Alto, CA, argued for all appellants.  Apple Inc. also represented by MONICA GREWAL, Boston, MA.

MATTHEW A. ARGENTI, Wilson, Sonsini, Goodrich & Rosati, PC, Palo Alto, CA, for appellants Visa Inc., Visa U.S.A., Inc.  Also represented by MICHAEL T. ROSATO, Seattle, WA.

CHRISTOPHER MATHEWS, Quinn Emanuel Urquhart &

Sullivan, LLP, Los Angeles, CA, argued for appellee.  Also represented by TIGRAN GULEDJIAN.

———————————

Before TARANTO, WALLACH,* and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

In our opinion in *Universal Secure Registry LLC v. Apple, Inc.*, No. 20-2044 (Fed. Cir. Aug. 26, 2021), issued concomitantly with this opinion, we held claims 1–35 of U.S. Patent No. 9,100,826 at issue in this appeal ineligible under 35 U.S.C. § 101.  These thirty-five overlapping claims were at issue in the underlying *inter partes* review proceeding.  Accordingly, for the reasons we explained in *Apple Inc. v. Voip-Pal.com, Inc.*, 976 F.3d 1316, 1321 (Fed. Cir. 2020), the appeal of these overlapping claims is rendered moot in light of our decision in *Universal Secure*.  We vacate the Board's final written decision and remand for the Board to dismiss Apple's petition as to the overlapping claims.

This leaves us with proposed substitute claim 50, which depends from proposed substitute claim 45.  The Board held this claim eligible.  We conclude that proposed substitute claim 50 is ineligible under § 101 for the same reasons we found representative claim 10 ineligible in *Universal Secure*.  While proposed substitute claim 50 includes more specific limitations not found in claim 10, our conclusion under *Alice* steps one and two remains the same:  proposed substitute claim 50 is directed to an abstract idea and does not recite an inventive concept that transforms the abstract idea into a patent-eligible invention.  *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 217–21 (2014).

———————————

*    Circuit Judge Evan J. Wallach assumed senior status on May 31, 2021.

Accordingly, we reverse the Board's eligibility determination as to substitute claim 50.

## REVERSED IN PART, VACATED IN PART, AND REMANDED

COSTS

Costs to Appellants.