NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYNQOR, INC.,**
*Appellant*

**v.**

**VICOR CORPORATION,**
*Appellee*

---

2020-1259

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/001,637.

---

Decided: June 17, 2022

---

STEVEN J. HOROWITZ, Sidley Austin LLP, Chicago, IL, argued for appellant. Also represented by THOMAS D. REIN, PAUL J. ROGERSON; MICHAEL D. HATCHER, Dallas, TX.

ANDREW BALUCH, Smith Baluch LLP, Washington, DC, argued for appellee. Also represented by ELIZABETH LAUGHTON, MATTHEW A. SMITH.

---

Before LOURIE, PROST, and CHEN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* CHEN.

Dissenting opinion filed by *Circuit Judge* LOURIE.

CHEN, *Circuit Judge*.

In 2017, we affirmed-in-part, vacated-in-part, and re-manded the Patent Trial and Appeal Board (Board) deci-sions in *inter partes* reexamination proceedings for U.S. Patent Nos. 8,023,290 ('290 patent) and 7,272,021 ('021 pa-tent). *Vicor Corp. v. SynQor, Inc.*, 869 F.3d 1309, 1312 (Fed. Cir. 2017) (*SynQor II*). Before the Board issued its remand decisions, the '021 patent expired. Patent Owner SynQor appeals, asking this court to vacate the Board's de-cision rejecting claims 49 and 50 of the '021 patent pursu-ant to *United States v. Munsingwear*, 340 U.S. 36 (1950), whereby an appellate court can vacate a lower court's or administrative agency's decision when review of that deci-sion on the merits becomes moot "by the vagaries of circum-stance." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). Recently, in *SynQor, Inc. v. Vicor Corp.*, 988 F.3d 1341 (Fed. Cir. 2021) (*SynQor IV*), we granted SynQor's request for vacatur of a Board decision rejecting claims 34–38 of related U.S. Patent No. 7,072,190 ('190 patent). Because the request for vacatur in this case is materially identical to the request in *SynQor IV*, we sim-ilarly *vacate* the Board's remand decision regarding claims 49 and 50 of the '021 patent.

I

A

In 2011, following SynQor's filing of a patent infringe-ment action in the Eastern District of Texas, Appellee Vi-cor requested *inter partes* reexamination of several asserted patents, including the '190 and '021 patents. For the '190 patent, the Patent Office granted Vicor's request and the examiner ultimately rejected all challenged claims, including claims 34–38 that SynQor sought to add during reexamination. *Vicor Corp. v. SynQor, Inc.*, 603 F. App'x

969, 973 (Fed. Cir. 2015). SynQor appealed the examiner's rejections to the Board and the Board reversed. *Id.* Requester Vicor then appealed the Board's reversal to this court. *Id.* at 970. We reversed-in-part, vacated-in-part, and remanded for the Board to consider the examiner's obviousness rejections in light of our conclusion that a prior art patent, incorporating another prior art patent by reference, anticipated claims 20–23, 27, 29, 30, 32, and 33. *Id.* at 975.

On remand, the Board affirmed the examiner's obviousness rejections of all claims except claim 34, one of the claims SynQor sought to add during reexamination. *SynQor IV* at 1344–46. For claim 34, the Board adopted a new ground of rejection and SynQor opted to reopen prosecution. *Id.* at 1346. Before the Board issued its final decision regarding claim 34, the '190 patent expired. *Id.* Following the adverse final decision affirming the examiner's rejection of claim 34 based on the new grounds, SynQor appealed to this court. In relevant part, SynQor requested that this court vacate the Board's decisions regarding new claims 34–38 because the expiration of the '190 patent rendered the Board's patentability determinations moot. *SynQor IV* at 1355. We agreed and vacated the Board's decisions as to claims 34–38 because "the '190 patent expired before the appeals of the patentability of claims 34–38 terminated," meaning that "the claims will never issue," and the Board's patentability determinations were unreviewable for mootness. *Id.* We held that our ability to review the Board's determinations on the merits was "frustrated by the vagaries of circumstance" due to the expiration of the patent. *Id.* (quoting *U.S. Bancorp*, 513 U.S. at 25).

The reexamination of the '021 patent at issue in this appeal followed a similar trajectory. The Patent Office granted Vicor's request for *inter partes* reexamination and the examiner rejected all challenged claims of the '021 patent, including claims 49 and 50 that SynQor sought to add

during reexamination. *SynQor II* at 1318–19. SynQor appealed the examiner's rejections to the Board and the Board affirmed the rejections, including the rejections of new claims 49 and 50. *Id.* at 1319. SynQor subsequently appealed to this court and we affirmed-in-part, vacated-in-part, and remanded for the Board to reconsider two obviousness grounds for which the Board had, without explanation, reached inconsistent conclusions in a separate reexamination proceeding for another related patent. *Id.* at 1321–22, 1326. The scope of the remand implicated the Board's unpatentability finding for new claims 49 and 50. In January 2018, before the Board issued its remand decision, the '021 patent expired. J.A. 14. Unaware that the patent expired, the Board issued its remand decision over a year later, again finding new claims 49 and 50 unpatentable. *Vicor Corp. v. SynQor, Inc.*, No. 2014-007587, 2019 WL 764481, at *1 (P.T.A.B. Feb. 19, 2019) (*Remand Decision*). SynQor petitioned for rehearing, informing the Board that the patent expired and asking the Board to vacate its remand decision. J.A. 14. The Board declined to vacate its decision on the merits. *Id.* SynQor timely appealed and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

B

On appeal, SynQor requests that this court adopt our reasoning in *SynQor IV* to vacate the Board's decision rejecting new claims 49 and 50 of the '021 patent. *See, e.g.*, Appellant's Br. at 12. Vicor responds that this court lacks Article III jurisdiction to consider this request, Appellee's Br. at 20, and that SynQor cannot demonstrate equitable entitlement to the remedy of vacatur because SynQor caused the issuance of the remand decision by failing to inform the Board of the patent's expiration, Appellee's Br. at 17. For the following reasons, we agree with SynQor that *SynQor IV* is dispositive.

## II

Whether we have Article III jurisdiction to consider an appeal is a question of law that we review de novo. *Sanofi-Aventis U.S., LLC v. Dr. Reddy's Lab'ys, Inc.*, 933 F.3d 1367, 1372 (Fed. Cir. 2019). On the materially indistinguishable facts of *SynQor IV*, we concluded that "we *lack* jurisdiction to consider the Board's decisions on claims 34–38 because the expiration of the '190 patent rendered the patentability of those claims moot." *SynQor IV* at 1355 (emphasis added). Contrary to what Vicor urges, that statement refers not to this court's jurisdiction over a request for *Munsingwear* vacatur, but to the prerequisite finding that this court has no jurisdiction to consider the merits of the underlying Board decision. The Supreme Court explained in *U.S. Bancorp* that lack of jurisdiction over the merits does not prevent a federal appellate court from taking any action regarding the litigation. *U.S. Bancorp*, 513 U.S. at 21. Rather, when a case becomes moot, the appellate court "may make such disposition of the whole case as justice may require," including vacating an unreviewable decision. *Id.* (quoting *Walling v. James V. Reuter, Inc.*, 321 U.S. 671, 677 (1944)). As we implicitly concluded in *SynQor IV*, we have jurisdiction to consider and grant SynQor's request for vacatur.

## III

### A

The *Munsingwear* vacatur doctrine permits appellate courts to vacate a lower court decision when review of that decision on the merits is "frustrated by the vagaries of circumstance" and "without fault of the [appellant]." *U.S. Bancorp*, 513 U.S. at 25. The purpose of *Munsingwear* vacatur is to "prevent an unreviewable decision 'from spawning any legal consequences'" because, absent vacatur, parties "prevented from obtaining the review to which they are entitled" would be "treated as if there had been a review." *Camreta v. Greene*, 563 U.S. 692, 712–13 (2011)

6                     SYNQOR, INC. v. VICOR CORPORATION

(quoting *Munsingwear*, 340 U.S. at 39, 40–41). The doctrine applies equally to administrative decisions, including Board decisions. *PNC Bank Nat'l Ass'n v. Secure Axcess, LLC*, 138 S. Ct. 1982 (2018); *Apple Inc. v. Voip-Pal.com*, 976 F.3d 1316, 1321 (Fed. Cir. 2021); *see also SynQor IV* at 1355.

B

SynQor argues that *SynQor IV* is "materially indistinguishable" from this case. Appellant's Br. at 14–15. In both cases, SynQor contends, its ability to seek appellate review of the Board's merits decision was frustrated by the happenstance of patent expiration. *Id.* Vicor responds that *SynQor IV* is distinguishable because "the '021 patent expired *before* the Board rendered its decision" while the '190 patent at issue in *SynQor IV* expired "well *after* the May 2016 decision in which the Board finally upheld the rejections of original claims 1–33 and new claims 35–38." Appellee's Br. at 16. Vicor also argues that SynQor forfeited its equitable right to vacatur when it failed to take any action to prevent the issuance of the February 2019 decision by, for example, notifying the Board of the patent's expiration. Appellee's Br. at 14–15, 17. We agree with SynQor.

In both this case and *SynQor IV*, the patent expired *before* the Board's final determination finding unpatentable new claims added during reexamination. As we explained in *SynQor IV*, claims added during reexamination are not incorporated into the patent until the Director of the Patent and Trademark Office issues a reexamination certificate. *SynQor IV* at 1355. Since the patent in both cases expired before the appeals process was completed, the new claims will never issue regardless of their merits, and the patentability determinations for those claims are moot. *Id.* In this case, as in *SynQor IV*, SynQor only requests vacatur of the Board's merits determinations regarding the new and unincorporated claims. Appellant's Br. at 12–13. Therefore, for the same reasons, we grant SynQor's request

to vacate the Board's February 2019 decision as to new claims 49 and 50.

We disagree with Vicor's argument that this case is distinguishable because the patent in *SynQor IV* expired after the Board's May 2016 decision addressing the unpatentability of all claims. Appellee's Br. at 16; Oral Arg. at 13:23–35. That 2016 Board decision affirmed the examiner's rejection of challenged claims 1–33 and 35–38 but installed a new ground of rejection for new claim 34. *SynQor IV* at 1346. Because of that new ground of rejection, SynQor reopened prosecution. *Id.* The Board did not issue a final decision amenable for judicial review on all challenged claims until February 2019, after the '190 patent expired in January 2018. *Id.* As in *SynQor IV*, the Board in this case similarly addressed the unpatentability of all claims in a pre-expiration May 2015 decision, *SynQor II* at 1319, but did not issue its final decision on all challenged claims until February 2019, after the '021 patent expired in January 2018, *Remand Decision* at *5. Given the similar procedural history, Vicor's argument is unpersuasive.

We also disagree with Vicor's arguments that "SynQor's own conduct in relation to the February 2019 Board decision [] disentitles SynQor to vacatur." Appellee's Br. at 17; *see also id.* at 18. SynQor informed the Board that the '021 patent expired in its first submission following expiration. J.A. 224. Additionally, in *SynQor IV* we declined to fault SynQor for not trying to prevent the issuance of the Board's final decision. Considering nearly identical arguments by Vicor,[1] we found that it was the

---

[1]    Although we did not specifically address these arguments in our *SynQor IV* decision, we rejected Vicor's arguments in that case that SynQor was not entitled to the remedy of vacatur because, for example, "SynQor did not notify the Board when its patent expired, nor did SynQor move to terminate the additional proceedings dealing with

expiration of the patent that rendered the patentability of the claims moot, thereby "frustrat[ing]" SynQor's ability to seek review of the merits "by the vagaries of circumstance" as required for *Munsingwear* vacatur. *SynQor IV* at 1355 (quoting *U.S. Bancorp*, 513 U.S. at 25). We see no reason to find otherwise here given the very similar procedural history. Accordingly, we vacate the Board's February 2019 remand decision finding new claims 49 and 50 unpatentable.

## CONCLUSION

We have considered Appellee Vicor's remaining arguments and do not find them compelling. Accordingly, we grant SynQor's request for vacatur.

**VACATED**

COSTS

Costs to SynQor.

---

the newly added claims." Appellee's Br. at 4, *SynQor IV*, ECF. No. 31; *see also id.* at 57 ("SynQor itself bears the responsibility for the timing of the patent's expiration while the reexamination was still pending.").

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYNQOR, INC.,**
*Appellant*

**v.**

**VICOR CORPORATION,**
*Appellee*

---

2020-1259

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/001,637.

---

LOURIE, *Circuit Judge*, dissenting.

I respectfully dissent from the vacatur of the Board's decision rejecting claims 49 and 50. The majority states that this case is "materially indistinguishable" from *SynQor IV* because the patent in both cases expired before the Board's appeals process was completed. Majority at 6. I question that conclusion. In *SynQor IV*, the Board first rejected new claim 34 two years before the patent expired. In contrast, in this case, the patent expired before the Board rejected new claims 49 and 50. That makes a big difference when SynQor comes before us seeking an equitable remedy.

2                                    SYNQOR, INC. v. VICOR CORPORATION

Vacatur is an equitable remedy. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994); *see also* 15 James W. Moore et al., Moore's Federal Practice § 101.97 (Matthew Bender 3d ed. 2021) ("The burden is on the party seeking vacatur to demonstrate equitable entitlement to the remedy."). And equity requires clean hands. *See Gilead Scis, Inc. v. Merck & Co., Inc.*, 888 F.3d 1231 (Fed. Cir. 2018) (the doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief") (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814–15 (1945)).

Here, 13 months had passed during which the '021 patent appeal was pending before the Board and SynQor did not notify the Board that the patent had expired. It only did so a month after the Board's decision. That looks suspiciously like a strategic decision to lay low until the decision and, only if one lost, seek vacatur. That is not happenstance; it looks like either gamesmanship or negligence, and rewarding that conduct with vacatur is not equity. The Board was obligated to expand scarce resources in adjudicating the appeal before it, when SynQor could have been upfront with the Board and informed it that, in its view, the appeal was moot.

For the above reasons, I dissent from the majority's decision to vacate a decision that should be affirmed.